IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:14 CR 243 RLW |
| | ) |
| | ) |
| Hosea Swopes | ) |
| | ) |
| Defendant. | ) |

### MOTION TO EXCLUDE EVIDENCE OF UNCHARGED CONDUCT AND OBJECTION TO GOVERNMENT'S REQUEST FOR LIMINE ORDER UNDER F.R.E. 404(b)

COMES NOW defendant Hosea Swopes, by and through counsel Assistant Federal Public Defender Nanci H. McCarthy, who asks this Court to enter a limine ruling excluding the evidence of Mr. Swopes's remote and dissimilar convictions for which the Government has requested a limine order for admission. In summary, the prior convictions for possessing two bullets in 2006 and for armed robbery in 1994 (1) lack relevance to prove any issue material to the government's charge that Swopes had simple and exclusive possession of a firearm on his person in July of 2014 other than by inferring a propensity to possess a firearm, (2) are remote and dissimilar to the crime charged, and (3) are more prejudicial than probative under Fed. R. Evid. 404(b) and 403.

**Factual Background**.

The indictment in this case charges that Swopes possessed a firearm on July 10, 2014 in the City of St. Louis, which his previous conviction for a felony prohibited him to do. The government's description of the case asserts that two officers went to the area of 1493 Arlington

Avenue and saw him standing outside.  The government further asserts that the police saw Swopes lift his shirt to reveal a firearm tucked in the waistband of his pants.  The case is set for trial to commence on March 23, 2015.  The government gave notice on March 12, 2015, of its intent to introduce Swopes' conviction for being a felon in possession of two bullets in his pocket in 2008, and his conviction of two armed robberies in 1994.

## Controlling Rules of Evidence

Fed. R. Evid. 401, the "Test for Relevant Evidence" declares that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 403 restricts admissibility by "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons."   Rule 403 states:

> "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following; unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The "unfair prejudice" to which Rule 403 refers consists of "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403, Advisory Committee Notes (1972).

Fed. R. Evid 404(b) specifically addresses evidence of uncharged "Crimes, Wrongs, or Other Acts."  It provides:

> (1) Prohibited Uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character.
>
> (2) Permitted Uses[.]  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The prerequisites to admitting prior crimes under Fed. R. Evid. 404(b)(2) mandate a

judicial determination that the evidence proposed be relevant to a material issue, clear and convincing, similar in kind and close in time to the charged offense, and more probative than prejudicial. *See, e.g.*, *United States v. Wilson*, 619 F.3d 787, 772 (8th Cir. 2010), quoting *United States v. Donnell*, 596 F.3d 913, 921 (8th Cir. 2010). No party is "entitled" to introduce evidence of uncharged crimes in any case, as the government claims. *See, e.g., United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006) (affirming the trial court's exclusion of a prior crime as being remote and "functionally dissimilar to the charged [] offense").

## Argument

A.   Swopes' convictions for possessing two bullets in 2008 and for robbery in 1994 lack relevance to prove the charge of actual, exclusive possession of a gun in 2014 except by inferring a propensity to possess a gun.

In a prosecution for unlawful possession of a firearm as a prior felon, the Government can prove possession of a firearm in two ways: "actual" or "constructive." *United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014). Constructive possession differs from actual possession in that the former must be established by demonstrating that "the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." *Id.*

The government's pleadings and its description of its expected evidence clearly indicate that it intends to prove Swopes had actual, exclusive possession of a firearm on his person. The arresting officers contend they first saw a firearm tucked into Swopes' pants. They contend Swopes removed the firearm and dropped it on the ground. Swopes had no dominion or control over the public sidewalk where he allegedly dropped the gun. Rather, the only source of his possession stems from his actual possession and control over it, not the claim that a gun was

found near him. As such, Rule 404(b) precludes the admission of Swopes' prior convictions.

Prior bad acts related to firearms bear no relevance to possession offenses unless "constructive" possession is at issue. *United States v. Caldwell*, 760 F.3d 267, 280 (3d Cir. 2014) *citing United States v. Jones*, 484 F.3d 783, 785 (5th Cir. 2007); *United States v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010) ("In the context of a weapon-possession case, Rule 404(b) evidence of intent is relevant to a theory of constructive possession, but not to a theory of actual possession"); *United States v. Linares*, 367 F.3d 941, 952 (D.C. Cir. 2004) (holding similar evidence irrelevant because it "made it no 'more probable or less probable' that [the defendant] possessed the gun knowingly or unmistakenly"). *Caldwell* constitutes persuasive authority, since the Third Circuit (like the Eighth Circuit) deems Rule 404(b) an "inclusionary" rule, rather than an exclusionary one.  760 F.3d at 275.

In *United States v. Battle*, the Court of Appeals admitted evidence of a prior shooting explicitly because "the government had to prove constructive possession."  774 F.3d 504 at 511. Because three individuals occupied the car from which police seized the firearm, the Government had to rely on constructive possession. *Id*.  As such, the Eight Circuit implicitly recognized that actual possession effectively would remove the need for inquiry into knowledge or intent.

While Rule 404(b) is a "rule of inclusion," the Government must still articulate "exactly" how these two convictions suggest he knowingly possessed a gun. *United States v. Mothershed*, 859 F.2d 585, 589 (8th Cir. 1988).  In every case, the Eighth Circuit Court of Appeals requires the trial court to ask, "Is the [other crimes] evidence in any way relevant to a fact in issue otherwise than by merely showing propensity?" *Id*.  *Accord United States v. Commanche*, 577

4

F.3d 1261, 1267 (10th Cir. 2009) (evidence of uncharged bad acts "is not saved from the principle of exclusion by the mere fact that it supports a specific inference to a point like intent if the necessary logical steps include an inference of general character or propensity"). The Eighth Circuit has long instructed district courts, when ruling on Rule 404(b) evidence admissibility, not to make broad reference that merely restate the components of the rule, but to "specify what components of the rule form the basis of its ruling and why." *United States v. Johnson*, 493 F.3d 947, 954 (8th Cir. 2006), *quoting United States v. Harvey*, 845 F.2d 760, 762 (8th Cir. 1988). "To that end, the court should require the party invoking the rule to explain clearly its 404(b) analysis." *Id*.

The Government's motion in limine does not provide the requisite specific explanation. Rather, it surmises in a conclusory fashion that the convictions are relevant based on inapposite case law. The cases used to justify the admission of his conviction for armed robbery all pertain to constructive possession of guns in cars. *See, e.g., United States v. Walker*, 393 F.3d 842, 845 (8th Cir. 2005) (regarding a gun located underneath a car seat); *United States v. Jernigan*, 341 F.3d 1273, 1276 (11th Cir. 2003) (gun behind the seat); *United States v. Cassell*, 292 F.3d 788, 790 (D.C. Cir. 2002) (gun in rear bumper); *United States v. Gomez*, 927 F.2d 1530, 1533 (11th Cir. 1991) (gun in glove compartment). The same is true of the primary authority justifying admission of Swopes ammunition conviction. *United States v. Stewart*, No. 5:14-CR-90-FL, 2014 WL 4978502, at *3 (E.D.N.C. Oct. 6, 2014) (ammunition found behind seat).

The government summarily asserts that Swopes' prior offenses demonstrate motive, intent, and even "modus operandi." Doc. No. 45, p. 10.  It makes no attempt to explain how, in this case, the prior possession of bullets in his pocket and active use of a gun to commit armed

5

robbery establish motive or intent in 2014 other than by the forbidden propensity inference. Nor does it explain how active use of a firearm in 1994 to rob people and simple possession of two bullets of a different caliber in 2008 proves the "modus operandi" inherent in simple possession of a loaded gun in his waistband in 2014. The sole issue presented in this prosecution is whether or not Swopes had actual, exclusive possession of the gun police say they saw in his waistband. The Government's motion failed to specifically articulate how Swopes' two prior convictions make that finding more likely than not by any inference, "otherwise than by merely showing propensity[.]" *Mothershed*, at 589.

Furthermore, the government's description of the prior convictions goes into many prejudicial details having absolutely no relevance or bearing on any material issue in this case, such as the government's description of conflicting statements the police claimed to receive from Swopes about the source of the two bullets in the 2008 conviction, and incendiary statements about the robbery victims in the 20-year-old conviction, Doc. No. 45 at pp. 3-4. The government's motion makes no attempt to explain how they serve to prove any issue in this case. The government's own primary authorities support exclusion of such irrelevant and prejudicial detail. *See United States v. Stewart*, 2014 WL 4978502, at *3 (excluding evidence of black ski mask and gloves found with ammunition in uncharged incident as unnecessary detail). These details must all be excluded.

> B.   The prior convictions are remote and functionally dissimilar to the accusation that Swopes had simple, exclusive possession of a handgun in his waistband.

The government's own description of Swopes prior convictions demonstrate that they are materially dissimilar and obviously remote in time. By the government's account, on May 20, 2008, police arrested Swopes on an outstanding warrant and found two nine millimeter bullets in the right front pants pocket. This formed the basis of his charge and conviction in that case. The fact a man possessed two 9-millimeter bullets in his pocket in 2008 does nothing to prove that six years later he possessed a .380 caliber sem-automatic pistol in his waistband in July of 2014.

6

The possession of nine millimeter bullets in one's pocket does nothing to establish that the same man possessed a .380 caliber semi-automatic pistol in the waistband of his pants six years later other than by inferring that a person once found in possession of bullets is more likely than someone who has not been found in possession of bullets to possess a gun six years later. That is precisely the propensity inference Rule 404(b)(2) prohibits. *See Mothershed*, 859 F.2d.1 at 586 (the fact a person previously found in possession of stolen bank money only makes it more likely person later robbed a bank by inference of propensity).

The government erroneously seeks to justify the relevance of the Swopes' uncharged possession of ammunition in 2008 to the pending charge in this case on the North Carolina District Court's ruling in *United States v. Stewart*, 2014 WL 4978502 (E.D. N.C. October 6, 2014). The district court there ruled admissible the uncharged possession of ammunition based on a matrix of similarities with the charged offense utterly lacking in the proposed 404(b) evidence the government seeks to use against Swopes. Stewart faced a charge of possessing a .45 caliber pistol and 58 rounds of .45 caliber ammunition found on December 6, 2013, when police stopped him in North Carolina while driving his aunt's black Chevrolet Impala for improper registration, and from which he fled on foot when police ordered him out of the car upon seeing the butt of a gun in the center console. The district court held that the government could introduce evidence that they seized seven rounds of 9 millimeter ammunition when police subsequently stopped Stewart as he drove the same aunt's black Chevrolet Tahoe on March 14, 2014 with a revoked registration, at which time Stewart attempted to hide his identity by using a false name.

The North Carolina District Court based its finding that the uncharged possession of

7

ammunition in Florida was admissible on far more than the bare fact that bullets were found in both incidents. The judge stressed, rather, that the uncharged offense "closely resemble[d]" the charged offense because in both instances, Stewart (1) was stopped for driving a black Chevrolet (2) with invalid registration (3) that belonged to the same individual and (4) sought to "evade detection–by fleeing in North Carolina, and by presenting false identification in Florida." *Id*. at *4.  Nothing like these similarities connect the Swopes' convictions to the instant charge. Furthermore, the North Carolina district Court relied on the fact that "the two events [in Stewart] are separated by only three months." *Id*.  Six years separated the 2008 possession of two nine millimeter bullets from Swopes pending charge of possessing a firearm, and the armed robberies occurred some 20 years before.

    The circumstances of the 1994 robberies also bear no material similarity to the offense conduct for which the government seeks to convict Swopes in 2014.  The government alleges the defendant singly and simply possessed a firearm on his person in 2014, whereas the 1994 case involved actual use to commit robberies.  In *Mothershed*, the Eighth Circuit reversed a conviction for aiding and abetting a bank robbery.  The government introduced the defendant's 10-year-old conviction for possessing stolen bank money.  *Id*.  The Court noted that the prior conviction only served to show Mothershed's guilt in the sense that "it is reasonable to conclude that a person who has been convicted of possessing money that he knows was stolen from a bank is more likely to be a bank robber than are most other people who have no such record." *Id*.  Its relevance to proving intent was so slight, "when compared to the devastatingly prejudicial impact of such evidence in the mind of a jury, that to admit it would be an abuse of discretion under Rule 403, especially in view of the great age of the conviction." *Id*.  Likewise, any

8

nominal probative value the 1994 robberies hold to establish Swopes' pending charge crumbles in light of their extreme remoteness to the charged offense. *Id.* (finding the age of the prior offense further negated its probative value).

The government proposes that this Court's should not count 10 of the 20 intervening years since his 1994 robberies in measuring the remoteness of those crimes because he was incarcerated during that time– essentially treating that incarceration as an excludable time period akin to the exclusions used in speedy trial computations. Doc. 45 at p. 8. The government's argument unwittingly exposes the propensity analysis underlying its proposed use of the prior convictions, as where it asserts that "Swopes was released on November 10, 2006, and wasted no time committing another crime," the 2008 possession of illegal ammunition, and that "[o]nly the fact that Swopes was in prison for a substantial majority of this time frame deprived him of the opportunity to possess a firearm," *id.* at p. 9, *citing United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997). The government thus seeks to overcome the indisputable remoteness of the prior convictions by explicitly relying on Swopes's propensity to obtain weapons as quickly and as often as he can – the very type of evidentiary inference Rule 404(b)(1) prohibits. Furthermore, the government clearly errors in summarily claiming that "here, the prior bad act is identical to the instant crime," Doc. 45 at p. 10. Active use of a firearm to commit armed robbery in 1994 is functionally dissimilar from simple possession of a firearm in one's waistband. The disparity in the nature of Swopes' prior convictions to the pending charge sharply distinguishes this case from those on which the government relies. *See, e.g., United States v. Williams*, 308 F.3d 833, 838 (8th Cir. 2002) (affirming admission of five robberies of taxi drivers at knife point in 20 years – 16 of which were spent in prison – to prove identity, intent, and method of operation in

sixth taxi robbery); *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (prior molestation shared similarities to charged crime, as victims were both nieces whose accounts were markedly similar as to where defendant touched them, and where he made them touch him).

Swopes fully recognizes that no absolute rule identifies a number of months or years beyond which Rule 404(b) excludes prior convictions as remote. Rather, the standard is one of "reasonableness*."* *United States v. Mejia-Uribe*, 75 F.3d 395, 398 (8th Cir. 1996). In *Meija-Uribe*, the Eight Circuit deemed a thirteen-year gap too remote to admit under Rule 404(b). *Id*. While less time has passed between Swopes' 2006 offense and the pending charge, the functional dissimilarity between the present charged conduct and his past conduct weighs in favor of remoteness. The charges and past conduct involved in *Meija-Uribe* bore much greater similarity than those at issue here. Meija-Uribe faced charges for cocaine distribution which differed only in scale from his past offenses. *Id.* Here by contrast, Swopes faces a wholly new, distinct offense totally unrelated to his conduct in 2008 and 1994. As such, significantly less time needs to pass to qualify his previous charges as "overly remote."

      C.      The reliability of certified records to show prior convictions does not solve the lack of legal relevance, remoteness and dissimilarity of the crimes they show.

Certified records of prior convictions may easily satisfy the threshold to prove the prior misconduct occurred, but this simple circumstance fails to render admissible uncharged offenses that have no relevance to a material fact other than by the inference that the defendant has a propensity to engage in the conduct charged.

      D.      The admission of Swopes' convictions unfairly prejudice him in violation of Rules 403 and 404(b).

Even if Swopes' criminal history had some relevance to the instant prosecution, the prejudicial influence outweighs any legitimate probative value. Fed. R. Evid. 403 restricts admissibility by "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons." Fed. R. Evid. 403.  Fed. R. Evid 404(b) specifically forbids introduction of uncharged "Crimes, Wrongs, or Other Acts" the only effect of which is "to show that on a particular occasion the person acted in accordance with that character."

The admission of Swopes' previous convictions violate these rules in that they distract from the issue at hand, thus wasting time, and have minimal relevance based solely on the prohibited inference of propensity. The sole issue in this case is whether or not Swopes had, on his person, actual possession of a firearm as the arresting officers allege. An inquiry into how his previous conduct affects that determination serves no legitimate evidentiary purpose.  Actual possession of a weapon makes knowledge and intent self-evident. No one could reasonably believe one held a gun in their waistband, removed it, and set it on the ground without full knowledge of what they were doing. It is insulting to the fact finder to seek to prove such knowledge or intent with external evidence. Doing so does nothing more than present propensity evidence through the veil of knowledge or intent.

Swopes requests that this Court reserve ruling on whether the prior convictions are admissible until, if at all, the Defendant makes the evidence relevant under Rule 404(b)(2). *See United States v. Miller*, 673 F.3d 688, 697 (7th Cir. 2012).  Swopes further asks that this Court require the government to identify the specific factor or factor it seeks to prove by introducing any  evidence of a prior conviction and articulate how the prior conviction serves to prove any

such factor other than by the propensity inference that prior convictions involving firearms make it more likely that the defendant knowingly or intentionally possessed a firearm 8-20 years later.

Wherefore, Swopes respectfully asks that this Court exclude any evidence of his prior convictions under Rule 404(b) and Rule 403.

Respectfully submitted,

/s/Nanci H. McCarthy
NANCI H. MCCARTHY
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Nanci_McCarthy@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Thomas Rea, Assistant United States Attorney.

/s/Nanci H. McCarthy
NANCI H. MCCARTHY
Assistant Federal Public Defender